# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOVICA PETROVIC, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18CV635 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This is an action filed by a former federal criminal defendant seeking monetary damages from the government, which this Court interprets as a *coram nobis* petition. This case arises from Petrovic's conviction on four counts of interstate stalking and two counts of interstate extortionate threat. *United States v. Petrovic*, No. 4:10-cv-415-HEA (E.D. Mo. 2010). Petrovic has served his sentence, and has been deported to Germany. In the instant petition, he claims he was innocent of the criminal charges against him and should not have been sent to prison, and the United States Court of Appeals judges who presided over his criminal appeal therefore violated his federally-protected rights by affirming his convictions and sentences. He seeks monetary relief in the amount of $6,324,000,000.00.

Federal courts are authorized to grant the common law writ of error coram nobis under the terms of 28 U.S.C. § 1651(a). *See United States v. Morgan*, 346 U.S. 502 (1954). Coram nobis is a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction, and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus. *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998). It is not intended to be a substitute for proceedings brought pursuant to habeas corpus. *See U.S. v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Morgan*, 346 U.S. 502, 511 (1954). If the

petitioner could have brought his claims in habeas corpus in a prior proceeding, the writ of error coram nobis is unavailable to him. *Noske*, 235 F.3d at 406; *Morgan* 346 U.S. at 511.

In this case, all of the alleged violations of Petrovic's rights could have been raised in federal habeas corpus. In fact, Petrovic has previously sought and been denied such relief. Thus, coram nobis is not an appropriate remedy. In addition, Petrovic's claims are frivolous and malicious. The nature and tone of the allegations against the United States Court of Appeals judges demonstrate that Petrovic's purpose is to insult and disparage them rather than vindicate a cognizable legal right. Finally, this Court has previously observed that Petrovic has a history of abusing the judicial process by filing repetitious actions.[1] This case will be dismissed. In addition, Petrovic has not shown that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings, and the Court will therefore not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)).

Accordingly,

**IT IS HEREBY ORDERED** that this case is dismissed. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 18th day of July, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] *See Petrovic v. Jackman, et al.*, No. 4:16-cv-1770-HEA (E.D. Mo. Apr. 12, 2017).